Judge Robertson
delivered the opinion of the Court.
Locker and Wheatly, having, On an issue of plena administravit, recovered judgment, e‘quando acciderintf against Loftus, as executor, after-wards issued a scire facias against him, reciting their judgment, and suggesting that assets sufficient to pay their judgment, had since cometo the hands of the executor.
On an issue involving the- question, whether assets had come to the hands of the executor or not, the jury found a verdict against the executor, and the court, thereupon, rendered judgment for executor, &c.
On the trial it was proved, that after the date of the judgment, in favor of Locker, &c. the executor had sold a tract of land, devised to be sold, for payment of debts, and had received between ‡1200 and $2000 for it; and it was also proved that other judgments had been obtained against the executor, by default, since the date of Locker and Wheatley’s judgment.
The court instructed the jury that the money received for the land, was equitable assets, which could be reached only by bill in chancery, and that, therefore, the proof in relation to that fund must be disregarded. And the court also instructed the jury, that the said judgments against the executor, by default, were conclusive evidence against him, of assets.
Exceptions were taken to these instructions, by the counsel of the parties respectively.
Land devised the payment of debts: equitable as-i^ne ar'sin fromesáíe,IS1DS when collect-sets*6”31 aS"
Executor may be guilty fo/m^application of equitable assets, and sub-son ally ,^by legal process,
Scire facias proper.
’r oradm’ by default-after judgment, ‘quando acciderent, on a former action ofisn not* conclusive of assets. Judgment vs.
The court erred in each opinion. Before the land was scdd and the money collected, the devise for pay* ment of debts, might be assets in equity; but the mo* ney, when received by the executor, was assets “enter •” The land devised to be sold was considered, in equity, as money, before’ the sale. After the sale, the money produced by it, was assets derived from the es^a^e the testator. The first was equitable, the last, we are inclined to think, was legal assets. 3 Bac. Abr. 58; Har. Co. Lit. 236. Money arising from the S£de *and devised sold, is legal assets, although the title to the land was not vested by the will, in the executor. 1 Pr. Wms, 151; Toller, 412-14.
We know that courts of chancery, have endeavored do expand the doctrine of equitable assets, and that modern authorities may be found in Fonblanque’s notes and elsewhere, which denominate money obtained by the sale of land devised to be sold, equitable assets, But whether the money, in this case, were legal or only equable assets, was not material to the issue on the scire facias. We suppose that an executor may be guilty of a devastavit for the misapplication of equitable assets; and may be subjected, therefor, to personal responsibility, by a proceeding at law, in this state, a suit in chancery ,is not necessary. After judgment, uquando acciderint,” if any assets of any kind, liable to the payment of debts, came to the executor’s hands, he ought to have appropriated them to the payment of the debts of the testator; and for not doing' so, the judgment creditors could proceed against him by scire facias. And if by this proceeding they cannot coerce their debt, they may, in the appropriate manner, make the executor responsible as for a devastavit. The difference between legal and equitable assets is, that the former must be appropriated to payment of debts accord*n§ to legal priority; the latter may be subjected chancery, to all the debts, “pari passu.” The executordoes not, by his plea, show that there are other debts, than that of Locker, &c.'
But the judgments against the executor, by default, were only primafacie evidence of assets, and therefore, the court also erred in deciding that they were “conclusive.” Since the act of 1811, a judgment against *299 an executor for debt, by default, does not, as before,. conclude him as to assets.
Verdict upon scire facias, to enforce judgment, guando acciderint, againslex’r. or adm’r. should ascertain the amount of assets that have come to bis hand.
Triplett, for plaintiff; Crittenden, Denny and Mayes, for defendants.
This is the only error of which the executor complains, for which the judgment can be reversed, and for this alone, the judgment must be reversed, and the cause remanded for a new trial.
If there be another finding for the plaintiffs below, it should ascertain the amount of assets which have come to the executor, since the judgment which the scire facias seeks to enforce.